■ In the Matter of JOHN N. CONOMIKES, Respondent, v ALFRED J. LIBOUS, as Mayor and Commissioner of Public Safety of the City of Binghamton, et al., Appellants.—Appeal from a judgment of the Supreme Court at Special Term, entered December 13, 1977 in Broome County, which granted petitioner's application, in a proceeding pursuant to CPLR article

78, seeking to require appellant, City of Binghamton, to continue petitioner on its payroll as a fire training instructor, pay petitioner's medical expenses and reinstate sick leave charged against petitioner for absences due to his disability of August 3, 1975. Petitioner, previously a fireman, served as a fire training instructor for appellant from January 1, 1971. On August 3, 1975 petitioner reinjured his lower back. He has been unable to work steadily since, and has been receiving benefits pursuant to section 207-a of the General Municipal Law. On August 1, 1977, appellant advised petitioner of its position that petitioner was capable of working as a fire training instructor and since he had passed the mandatory retirement age, he would be removed from the city payroll. Petitioner commenced this proceeding to compel continued payment of his salary. The medical reports agree that petitioner experiences recurrent lower back pain and that he should avoid heavy lifting and excessive bending. A report prepared for the State Insurance Fund concluded that petitioner should not be considered able to perform the duties of a fireman. A later report stated that he could perform the nonstrenuous functions of a fire instructor, but that he could not lift or bend to any great extent and that he should not be placed in a hazardous situation. Although appellant has attempted to characterize the fire instructor's functions as a push-button desk job, virtually free of any physical activity, the record is to the contrary. We find it difficult to believe that one whose chief function is to teach approved methods of lifesaving, laying and carrying hose, raising, lowering, dogging and climbing ladders, and explaining the use of breathing apparatus, stand pipes, deluge sets, life nets and life ropes would be performing a desk job, free from physical strain. But, even if these tasks could be accomplished without great effort, the record reveals that the fire training instructor must respond to all fires to monitor the application of methods taught, that he is listed as a second priority to be called on second alarms, and that he must be in "good physical condition." We conclude that a fire training instructor must engage in physical activity beyond the level recommended by petitioner's examiners. Consequently, we affirm the judgment appealed from. Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.